UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

DOCKET NO. 24-1724

HYUNDAI GLOVIS Co., Ltd.,
83-21 Wangsimni-ro
Seongdong-gu
Soeul, 04769, South Korea,

    Plaintiff

v.

VANE LINE BUNKERING, LLC.,
As successor by conversion from VANE LINE
BUNKERING Inc.
2100 Frankfurst Avenue
Baltimore, Maryland 21226

    Defendant

**COMPLAINT**

NOW COMES HYUNDAI GLOVIS, Co. Ltd., plaintiff, and claims against VANE LINE BUNKERING, LLC, defendant, as more fully set forth below.

## PARTIES

1. The plaintiff HYUNDAI GLOVIS Co. Ltd. ("HYUNDAI GLOVIS") is and at all material times herein was a foreign business corporation with a principal place of business located at 83-21, Wangsimni-ro, Seongdong-gu, SOEUL, 04769, South Korea.

2. The defendant VANE LINE BUNKERING, LLC ("VANE LINE") is a Maryland corporation with a principal place of business at 2100 Frankfurst Ave., Baltimore Maryland, 21226.

1

3. VANE LINE LLC is the successor in interest by conversion under Maryland corporate law from the previous entity, VANE LINE BUNKERING, Inc. ("VANE LINE's predecessor".) Under Subtitle 11 of the Maryland Limited Liability Company Act, VANE LINE BUNKERING, Inc. converted by Articles of Conversion dated September 30, 2021 becoming VANE LINE BUNKERING, LLC. Following the conversion, the prior entity, VANE LINE BUNKERING, Inc., was terminated.

4. Under Maryland corporate law, the newly converted entity shall continue to be deemed the same entity as prior to its conversion.

5. Under Maryland corporate law, the newly converted entity shall be liable for all of the debts and obligations as the entity prior to its conversion.

6. Under Maryland corporate law, the conversion of the previous entity does not affect any of its debts, obligations or liabilities.

7. At all material times herein, HYUNDAI GLOVIS was the time charterer of the motor vessel TRITON ACE, under a NYPE 93 time charter with Mssrs. Wilhelmsen Ship Management SDN BHD ("Owners"), vessel owners, dated September 11, 2020.

8. At all material times herein, VANE LINE's predecessor owned, operated and/or controlled the bunkering barge DS-34, used for the delivery of marine bunker fuels to ships, and operated within the vicinity of Baltimore harbor, Maryland.

## JURISDICTION AND VENUE

9. This is a matter within this honorable court's subject matter admiralty and maritime jurisdiction within the meaning of 28 USC sec. 1333 as the plaintiff asserts claims of maritime tort, breach of implied maritime contract, and breach of warranties under a

2

maritime contract arising from the delivery of bunker fuel for use by its vessel, TRITON ACE.

10. This is also a matter within this honorable court's subject matter jurisdiction within the meaning of 28 USC sec. 1332 as it is a dispute between the plaintiff, a foreign corporation located in Seoul, South Korea and the defendant located in Baltimore, Maryland, for an amount in controversy exceeding the sum of $75,000.

11. This is also a matter within this honorable court's supplemental jurisdiction within the meaning of 28 USC sec. 1367 to the extent that non-maritime claims raised by the plaintiff are so related to its maritime claims as to form part of the same controversy.

12. Venue is proper in this judicial district within the standard practices of admiralty law because valid service can be made within the district upon VANE LINE.

## FACTS

13. On June 18, 2021, HYUNDAI GLOVIS contracted with and agreed to purchase 1400 MT of VLSFO IFO 380 CST 0.5% S bunker fuel from GLOBAL MONTELLO GROUP, CORP. ("GLOBAL").

14. GLOBAL engaged VANE LINE's predecessor to deliver the bunker fuel it sold to HYUNDAI GLOVIS. The GLOBAL Bunker Receipt dated June 23, 2021, identified VANE LINE's predecessor as GLOBAL's "Contracting Company".

15. On June 22, 2021, GLOBAL transferred a quantity of bunker fuel intended for delivery to TRITON ACE from its Buckeye Terminal in Baltimore, Maryland to the bunkering barge DS-34, a bunkering barge owned or operated or managed by VANE LINE's predecessor.

3

16. GLOBAL took a sample of the bunker fuel on June 22, 2021 as it was being transferred to DS-34. The fuel sample was retained by AmSpec.

17. On June 23, 2021, DS-34 tied up alongside TRITON ACE and delivered 1400.130 MT of VLSFO IFO (the "Baltimore Fuel") to TRITON ACE at the South Locust Point Marine Terminal in Baltimore, Maryland.

18. HYUNDAI GLOVIS paid to GLOBAL a rate of $555/MT for the Baltimore Fuel, or, for 1400.130 MTs, an approximate total of $777,000.

19. HYUNDAI GLOVIS also paid $7,618.75 for barging costs by VANE LINE's predecessor in employing DS-34 to deliver the Baltimore Fuel from GLOBAL's Buckeye Terminal to TRITON ACE.

20. HYUNDAI GLOVIS engaged INTERTEK to take fuel samples as DS-34 was delivering the Baltimore Fuel on June 23, 2021. The samples were taken at the barge's and the ship's manifolds, as the Baltimore Fuel was being transferred from DS-34's tanks through its lines and manifolds to TRITON ACE's bunker.

21. Mssrs. Wilhelmsen Ship Management SDN BHD, TRITON ACE's owners ("Owners"), engaged FOBAS to test samples of the Baltimore Fuel on June 23, 2021 as it was being delivered.

22. On July 2, 2021, FOBAS issued a Fuel Analysis Report, of the same date. The report states, at p. 2: "Sample Point Type – MANIFOLD:, and "Sampling Method – DRIP". The report states it was witnessed by supplier. The report identifies five sample seal numbers.

23. The governing industry standards for fuel supplied to ships are specified in ISO 8217.

24. The FOBAS report followed the specifications of ISO 8217.

4

25. The specification for maximum sediments in marine fuel under ISO 8217 is 0.10% m/m ("Industry Standard".) Any sediment concentration above 0.10 % m/m is therefore out of specification ("off-spec".)

26. The FOBAS report found that two tested June 23, 2021 Owner's fuel samples were off-spec with sediments measured at .28 % m/m for one sample, and .46 % m/m for the other sample.

27. On August 27, 2021, GLOBAL had its June 22, 2021 fuel sample tested. An AmSpec Certificate of Analysis dated August 27, 2021, states that the sample tested 0.08% m/m for potential total sediments, within the specifications of ISO 8217.

28. TRITON ACE departed Baltimore with the off-spec Baltimore Fuel bound for the Pacific. Between July 24 and August 6, 2021, TRITON ACE reported experiencing the following fuel-related engine problems: severe sludge formation and clogging of the purifiers which required constant cleaning and raising concerns for the safe running of the machinery and the safety of the vessel. TRITON ACE stopped using the off-spec Baltimore Fuel on August 6, 2021.

29. The fuel-related engine problems experienced by TRITON ACE's engineers were a direct result of the presence of excess sediments making the off-spec Baltimore Fuel, as expressly reported in the July 2, 2021 FORBAS report.

30. On November 17, 2021, after due notice to Owners, GLOBAL and VANE LINE's predecessor, the HYUNDAI GLOVIS samples of the Baltimore Fuel collected June 23, 2021 by INTERTEK were tested at the BV lab in Savannah Georgia.

31. The BV Certificate of Analysis dated November 17, 2021 measured finding potential total sediments in the Baltimore Fuel at .23% m/m. That value was off-spec.

5

32. TRITON ACE continued its employment until entering a shipyard at Zhoushan, China on February 2, 2023.

33. At the Zhoushan shipyard 878.696 MT off-spec Baltimore Fuel, comprising the unused amount remaining on board, was de-bunkered. HYUNDAI GLOVIS paid a $555/MT purchase price for the off-spec fuel that remained, and under its charter party with Owners is entitled to approximately $650,000, an amount for which it has yet to be compensated.

34. At the Zhoushan shipyard, HYUNDAI GLOVIS also paid shipyard costs for the de-bunkering and extensive cleaning and de-sludging of TRITON ACE's fuel tanks, and was in addition assessed loss of hire penalties under its charter party with Owners, legal and surveyors' fees, shipyard's superintendent fees, and other incidental and consequential damages as will be shown at trial.

35. As a direct result of the fuel sold to HYUNDAI GLOVIS by GLOBAL, and contaminated during its delivery to TRITON ACE in the barge DS-34, owned by VANE LINE's predecessor, HYUNDAI GLOVIS has or will sustain damages totaling approximately $1,278,188 to date.

## COUNT I
## NEGLIGENCE
## (HYUNDAI GLOVIS vs. VANE LINE)

36. HYUNDAI GLOVIS repeats and realleges paragraphs 1-33 and incorporates the same herein.

37. As the party HYUNDAI GLOVIS paid for the delivery of marine fuel it purchased from GLOBAL, VANE LINE's predecessor owed a duty to HYUNDAI GLOVIS to deliver

the fuel to TRITON ACE in a barge with properly maintained and cleaned tanks, lines and manifolds, and in all other respects fit for delivery of the fuel meeting Industry Standards, and in the same condition as it was received from GLOBAL.

38. The marine fuel delivered by GLOBAL to VANE LINE's predecessor's barge DS-34 on June 22, 2021 met Industry Standards for sedimentation and was therefore within spec.

39. The marine fuel delivered to TRITON ACE by VANE LINE's predecessor's barge DS-34 on June 23, 2021 did not meet Industry Standards for sedimentation and was therefore off-spec.

40. The marine fuel delivered to TRITON ACE on June 23, 2021, became contaminated while aboard the barge DS-34 due to negligent maintenance of the barge, or neglect on the part of VANE LINE's predecessor, and/or the crew of DS-34.

41. VANE LINE's predecessor breached its duty owed to HYUNDAI GLOVIS by negligently failing to maintain DS-34 in a condition fit to deliver fuel oil, and by delivering off-spec fuel to TRITON ACE on June 23, 2021.

42. As a result of VANE LINE's breach of duty owed to HYUNDAI GLOVIS, HYUNDAI GLOVIS sustained damages as set forth in this Complaint and as will be more fully shown at trial.

### COUNT II
### BREACH OF IMPLIED CONTRACT
### (HYUNDAI GLOVIS vs. VANE LINE)

43. HYUNDAI GLOVIS repeats and realleges paragraphs 1-40 and incorporates the same herein.

44. HYUNDAI GLOVIS paid for VANE LINE's predecessor's barging costs for the delivery of the fuel to TRITON ACE.

45. HYUNDAI GLOVIS' payment for VANE LINE's predecessor's barging costs using DS-34 created an implied maritime contract obligating VANE LINE's predecessor to deliver the marine fuel in a barge with properly maintained and cleaned tanks, lines and manifolds and in all other respects fit for delivery of the fuel within specifications and in the same condition as it was received from GLOBAL.

46. The marine fuel delivered to TRITON ACE by VANE LINE's predecessor's barge DS-34 did not meet industry standards for sedimentation and was therefore off-spec.

47. The marine fuel delivered by DS-34 to TRITON ACE on June 23, 2021 became contaminated and off-spec while aboard the barge DS-34.

48. VANE LINE's predecessor breached its implied contract with HYUNDASI GLOVIS by delivering fuel that was contaminated aboard the barge DS-34 and did not meet industry standards and was off-spec.

49. As a result of VANE LINE's predecessor's breach of implied contract, HYUNDAI GLOVIS sustained damages as set forth in this complaint and as will be more fully shown at trial.

### COUNT III
### BREACH OF IMPLIED WARRANTY OF WORMANLIKE PERFORMANCE
### (HYUNDAI GLOVIS vs. VANE LINE)

50. HYUNDAI GLOVIS repeats paragraphs 1-47 and incorporates the same herein.

51. VANE LINE's predecessor's agreement to deliver marine fuel to TRITON ACE in the barge DS-34 was an implied maritime service contract.

52. In performing the contract, VANE LINE's predecessor impliedly warranted that it would maintain and operate DS-34 in a workmanlike manner.

53. In permitting marine fuel destined for TRITON ACE to become contaminated and off-spec while it was aboard DS-31, VANE LINE's predecessor breached its implied warranty of workmanlike performance.

54. As a result of VANE LINE's predecessor's breach of its implied warranty of workmanlike performance, HYUNDAI GLOVIS sustained damages as set forth in this complaint and as will be more fully shown at trial.

## PRAYER FOR RELIEF

WHEREFORE, HYUNDAI GLOVIS demands judgment against VANE LINE BUNKERING LLC, in the amount of $1,278,188, or such other amount as may be more fully shown at trial, along with interest, costs and reasonable attorneys' fees as may be permitted by law, and such other and further relief to which plaintiff may show itself justly entitled.

Respectfully Submitted,

HYUNDAI GLOVIS CO., LTD.
By their attorneys,

_____
Charles Simmons, Esq. (Bar No. 24279)
James R. Jeffcoat, Esq. (Bar No. 30105)
Whiteford Taylor & Preston LLP
7 St. Paul Street
15 Floor
Baltimore, Maryland 21202
Phone: (410) 347-9491
csimmons@whitefordlaw.com
jjeffcoat@whitefordlaw.com

Dated: June 14, 2024

#924331/60277/0531